## SEMINOLE FRUIT & LAND CO. v. PYLES et al.

(District Court, S. D. Florida. July 14, 1926.)

### No. 424.

1. **Constitutional law ⊜123, 278(1)—Public lands ⊜61(14)—State trustees conveying supposed contiguous tract of unsurveyed land held not estopped from locating land according to subsequent survey, nor was act validating survey violative of Constitution as to due process or impairment of contracts (Acts Fla. 1919, c. 7892; Const. U. S. art. 1, § 10; Const. U. S. Amend. 14).**

Trustees of internal improvement fund of state of Florida, granting supposed contiguous tract of unsurveyed state lands by reference to official plat known by parties to have been made without actual survey, *held* not estopped after actual survey, showing a strip of land separating portion of lands granted and destroying their contiguity, from locating land according to survey and asserting title to such strip of land, nor did Acts Fla. 1919, c. 7892, validating official survey, impair obligation of contract or take property without due process in violation of Const. U. S. art. 1, § 10, or Amendment 14.

2. **Deeds ⊜112(2).**

Ordinarily reference to map in conveyance makes it part thereof.

In Equity. Suit by the Seminole Fruit & Land Company against J. E. Pyles and another, wherein the trustees of the Internal Improvement Fund of the State of Florida were made parties defendant. On motion to dismiss. Motion granted.

Loftin, Stokes & Calkins, of Miami, Fla., for plaintiff.

D. F. Dunlavy and Geo. T. O'Farrell, both of Miami, Fla., for defendants.

M. C. McIntosh, of Tallahassee, Fla., and Fleming, Hamilton, Diver, Lichliter & Fleming, of Jacksonville, Fla., for Trustees of the Internal Improvement Fund.

CALL, District Judge. On May 13, 1926, complainant, a citizen of New York, filed its bill against J. E. Pyles and J. P. Owens, citizens of Florida, seeking to remove a cloud upon its title. A motion to dismiss was filed by the defendants, and at the hearing upon said motion leave was granted to make the trustees of the internal improvement fund of the state parties defendant.

The bill alleges the issuance of a patent by the United States to the state of Florida covering some 2,862,280 acres in 1903, describing said lands by metes and bounds; that these lands were unsurveyed; that the lands to the north, east, and west of the conveyed

lands had been surveyed and platted by the United States; that thereupon, in 1905, the trustees had the lines of survey projected over and across the body of unsurveyed lands, making thereon sections, townships, and ranges; that in 1907 the trustees amended the former plat by leaving out of same the section lines of the first plat; that these plats were adopted as the official plat of the Everglades lands, and a copy filed and recorded in Dade county in 1907; that large bodies of these lands were sold and conveyed by the trustees to various persons by this adopted official map; that in 1908 the grantor of complainant purchased from the trustees sections 34, 35, and 36 in township 53, range 40 east, and sections 3, 10, and part of section 15 in township 54, same range, according to said official map, after the trustees had exhibited to him said official map, and pointed out to him the location thereon of the lands, and after a personal inspection of said lands, after the northern line of township 54 had been officially surveyed and marked upon the ground; that according to the official map, so adopted by the trustees, the lands purchased by complainant's grantor were in a contiguous body, and were selected and purchased for that reason, and because of the quality and fitness; that in 1912 instructions were issued under which an actual survey of the unsurveyed lands was made, and plat prepared, approved, and adopted by the trustees as official; that by this survey and plat the south line of township 53 is moved north, and is not contiguous to the north line of township 54; that by this survey and plat lots 1 and 2 appear between the south line of township 53 and the north line of township 54; that the Legislature of Florida in 1919, on June 7, adopted chapter 7892, validating the survey, field notes, etc., of the 1912 survey and plat; that in May, 1919, the trustees conveyed part of lot 1 and lot 2, consisting of 320.51 acres, between townships 53 and 54, to the predecessor in title of the two named defendants; that said defendants claimed title to the lands described, and the deeds recorded are a cloud upon its title.

It is contended by the complainant that the act of the Legislature of 1919 (chapter 7892) is an attempt to deprive the complainant of its property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution, and is an attempt to impair the obligation of the contract between the grantor of complainant and the trustees, in violation of section 10 of article 1 of the Constitution, and that the trustees by their acts have attempted to deprive complainant of its property without due process of law.

It is apparent, from the bill and exhibits, that in 1903, when the general government patented these lands to the state, they were unsurveyed; no attempt had been made by the land office to divide them into the usual lots recognized by law. The public lands upon which they bordered had been surveyed and platted, but the surveys stopped upon the borders of the Everglades. It also appears by the bill that township 54 had been surveyed and the north line marked by authority of the trustees. The south line of township 53 had not been surveyed, until delineated upon the plat adopted as official in 1912. As I understand counsel in argument, there is no point made as to the jurisdiction of the court, either as to parties or subject-matter.

[1] If the trustees had the power to locate the land sold to complainant's grantor, the complainant must fail, unless they are estopped by the adoption of the official plat of 1905 and 1907, and describing the lands according to it. The fact that the complainant's grantor went into the Everglades and looked over certain lands would not work an estoppel, nor does it seem to me that the fact that the trustees pointed out to him on a plat made by projecting the lines of an official survey over and across the unsurveyed territory, which was well known to the party, have that effect. I do not think that the allegations of the bill make the case where the vendor takes the vendee upon the land and points out the property.

[2] While ordinarily reference to a map in a conveyance makes the map a part of the instrument, it does not seem to me that the reference in the instant case has that effect. Here the parties knew the land was unsurveyed; they knew the plat, prepared without an actual survey, but made by projecting the lines of the government survey of lands of the east and west of the unsurveyed lands, could be only approximately correct; that it would require an actual survey to definitely fix the location. A plat is taken to be the result of a survey made upon the ground, and to truly delineate the lines and measurements actually run and made, and in such a reference to such a plat in a conveyance can well be said to become a part of the description; but where the parties knew that the plat is not made from such data, but is the result of projecting certain lines, it would be following a rule where the reason for it has ceased to exist.

And it must be borne in mind that in the instant case the transaction was upon an acre-

age basis, the calculation of the acreage being 640 acres to the section. There is no complaint that the lands contained in the sections conveyed are not the full quantity paid for. The complaint is that by the survey there is a strip of land between the lines of the townships, thus separating portions of the lands of complainant, destroying the contiguity of its lands. It seems to me that, viewing the bill and its exhibits, made a part of it, the conclusion must be arrived at that it was the intention of the parties that this unsurveyed land must be first surveyed to locate definitely the lands described, and, when so located, the terms of the conveyance attach.

Given this construction, there is no violation of the Constitution of the United States. If the acts of the trustees in having the 1912 survey made were legal, then the act of the Legislature validating those acts could not violate the provisions mentioned in the bill. I am therefore of opinion that the motion to dismiss must be granted.

It will be so ordered.